UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT EDWARD BUCHHOLZ-KAESTNER,

                              *Plaintiff*,

        -against-                                16-CV-0604

JAMES FITZGERALD; D. SCHULTZ; HON. F.              GTS/TWD
CHRISTOPHER GIRUZZI,

                              *Defendants*.

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT GIRUZZI'S MOTION TO DISMISS

                                        ERIC T. SCHNEIDERMAN
                                        Attorney General of the State of New York
                                        Attorney for Defendant F. Christopher Giruzzi
                                        The Capitol
                                        Albany, New York

Colleen D. Galligan
Assistant Attorney General, of Counsel
Bar Roll No. 105167
Telephone:  518-776-2613
Fax:  518-915-7740 (Not for service of papers)               Date: August 31, 2016

**Table of Contents**

PRELIMINARY STATEMENT ........................................................................................... 1

FACTS ALLEGED IN THE COMPLAINT ....................................................................... 1

PLAINTIFF'S CLAIM AGAINST JUDGE GIRUZZI ...................................................... 2

ARGUMENT ........................................................................................................................... 3

    POINT I ....................................................................................................................... 3

        THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIM
        AGAINST DEFENDANT GIRUZZI IN HIS OFFICIAL CAPACITY ................ 3

    POINT II ..................................................................................................................... 4

        THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY BARS
        PLAITNIFF'S CLAIM AGAINST DEFENDANT GIRUZZI IN HIS
        PERSONAL CAPACITY ........................................................................................ 4

    POINT III .................................................................................................................... 6

        PLAINTIFF'S CLAIMS ARE BASED UPON
        SOVEREIGN CITIZEN THEORY AND LACK MERIT. .................................. 6

    POINT IV……………………………………………………………………..............9

        THE UNDERLYING CITY COURT ACTION MAY NOT BE
        TRANSFERRED TO FEDERAL COURT AS A MATTER OF LAW ................. 9

CONLCUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Branton v. Columbia County, New York*,
   2015 U.S. Dist. LEXIS 68226 (NDNY Magistrate Judge Dancks) ........................................... 8

*Chinn v. City University of New York School of Law at Queens College*,
   963 F. Supp. 218 (E.D.N.Y. 1997) ........................................................................................... 4

*Cuoco v. Moritsugu*,
   222 F.3d 99 (2d Cir. 2000) ....................................................................................................... 8

*Ferguson-El v. Virginia*,
   No. 3:10CV577, 2011 U.S. Dist. LEXIS 92557, 2011 WL 3652327 (E.D. Va.
   Aug. 18, 2011) ......................................................................................................................... 7

*Forrester v. White*,
   484 U.S. 219, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988) ........................................................... 5

*Ga. v. Rachel*,
   384 U.S. 780 (1966) ................................................................................................................. 9

*Gross v. Rell*,
   585 F.3d 72 (2d Cir. 2009) ....................................................................................................... 6

*Hans v. Louisiana*,
   134 U.S. 1 (1890) ..................................................................................................................... 3

*Johnson v. Miss.*,
   421 U.S. 213 (1975) ................................................................................................................. 9

*Komlosi v. New York State Office of Mental Retardation and Developmental
   Disabilities*,
   64 F.3d 810 (2d Cir. 1995) ....................................................................................................... 3

*McLaughlin v. CitiMortgage, Inc.*,
   726 F. Supp. 2d 201 (D. Conn. 2010) ...................................................................................... 7

*Mireles v. Waco*,
   502 U.S. 9 (1991) ................................................................................................................. 5-6

*Monroe v. Beard*,
   536 F.3d 198 (3d Cir. 2008) ..................................................................................................... 6

*Montero v. Travis*,
   171 F.3d 757 (2d Cir. 1999)..................................................................................................5

*Muhammad v. Smith*,
   2014 U.S. Dist. LEXIS 99990 (NDNY D'Agostino) ..............................................................7

*N.Y. v. Best*,
   No. 14-CV-3634, 2014 U.S. Dist. LEXIS 146795, 2014 WL 53305991
   (E.D.N.Y. Oct. 15, 2014) .......................................................................................................9

*Pennhurst State School & Hospital v. Halderman*,
   465 U.S. 89 (1984)..................................................................................................................3

*State of New York v. Latnie*,
   2015 U.S. Dist. LEXIS ........................................................................................................10

*State of New York v. Latnie*,
   2015 U.S. Dist. LEXIS 14905 (NDNY Magistrate Judge Peebles)........................................9

*Will v. Michigan Dep't of State Police*,
   491 U.S. 58 (1989)..................................................................................................................4

*Young v. Selsky*,
   41 F. 3d 47 (2d Cir 1994).......................................................................................................5

**CONSTITUTIONS**

Eleventh Amendment................................................................................................... 1, 3-4, 8

N.Y. Const.
   art. 6 § 1(a)..............................................................................................................................4

U.S. CONST. amend. XI .................................................................................................................3

**FEDERAL STATUTES**

4 U.S.C.
   § 1 ch 1...................................................................................................................................2

28 U.S.C.
   § 1443(1).............................................................................................................................9-10
   § 1455...................................................................................................................................10
   § 1455(a) ..............................................................................................................................10

Foreign Sovereign Immunities Act, 28 U.S.C.
   § 1602 et seq. ........................................................................................................................2

**STATE STATUTES**

Foreign Sovereign Immunities Act ................................................................................................1

U.C.C. 1-308/1-207 .........................................................................................................................2

UCC 1 .............................................................................................................................................2

UCC 1-308 ......................................................................................................................................8

Uniform Commercial Code .............................................................................................................1

**PRELIMINARY STATEMENT**

In this action, Plaintiff Pro Se Robert Edward Buchholz-Kaestner seeks a transfer of a matter pending against him in Utica City Court, Case No. 2016-02027, to this court. [Dkt. No. 1, p. 5] Plaintiff alleges that his rights under various federal statutes, the Foreign Sovereign Immunities Act, and the Uniform Commercial Code were violated in connection with an interaction with two Utica police officers and a subsequent court appearance in Utica City Court on a traffic violation. [Dkt. No. 1.] With regard to Defendant F. Christopher Giruzzi, a City Court Judge for the City of Utica, Plaintiff alleges Judge Giruzzi violated his rights by not dismissing the underlying city court case against Plaintiff upon Plaintiff's motion to dismiss and ordering Plaintiff to appear for further proceedings on May 18, 2016. [Dkt. No. 1, p 3]. Plaintiff's claims appear to be based upon his assertion that he is a "sovereign citizen" and not subject to the laws of the United States of America or the State of New York. [Dkt. No. 1.]

Defendant Giruzzi moves to dismiss this action in its entirety on the grounds that (1) Plaintiff's claim against Defendant Giruzzi in his official capacity as a judge of the State of New York is barred by the Eleventh Amendment; (2) Plaintiff's claim against Judge Giruzzi in his personal capacity is barred by the doctrine of judicial immunity; (3) Plaintiff's claims, which are based upon a sovereign immunity theory, are frivolous and lack merit; and (4) the underlying City of Utica action cannot be transferred to federal court as a matter of law.

**FACTS ALLEGED IN THE COMPLAINT**

The Complaint [Dkt. No. 1] contains very few factual allegations. The factual allegations related to the claim against Defendant Giruzzi are as follows.[1] Defendant Giruzzi is a judge in

---

[1] Plaintiff also makes the following factual allegation, which may relate to the New York State Supreme Court, "I sent a copy of the case to the Supreme Courts to dismiss my bogus case so no suit or damages would happen." [Dkt. No. 1, p. 5.] The New York State Supreme Court has not been names as a defendant.

1

Traffic Court, City of Utica, Oneida County, New York.  [Dkt. No. 1, pp. 2.]  Case No. 2016-02027 is a matter pending in Utica City Court.  [Dkt. No. 1, p. 5.]  Plaintiff filed a motion to dismiss Case No. 2016-02027 in Utica City Court, Oneida County.[2]  [Dkt. No. 1, p. 5.]  Judge Giruzzi set a court date of May 18, 2016. [Dkt. No. 1, p. 5.]  "[T]hey moved it back in to traffic court after giving a court date, to avoid the motion that where given." [Dkt. No. 1, p. 6.]

The factual allegations asserted in the Complaint, which relate to Plaintiff's claim of "sovereign citizenship" are as follows.  Plaintiff filed a "reservation of my rights under the U.C.C. 1-308/1-207, filed on UCC 1 form with N.Y.S. Secretary of State."  [Dkt. No. 1, p. 5.] "They did not honor the Superior Flag Title 4 Civilian American Flag of Peace of the United States of America its Mandated all States Constitution & they were notified and is on record/file with Oneida County of my American Sovereignty & Royal Statutes that are protected by the S.I.A. of 1976 – 94th Congress (International treaty."[3] [Dkt. No. 1, p. 6.]  Plaintiff is a "Royal American National." [Dkt. No. 1, p.7.] Plaintiff is a "Royal American National not a U.S. citizen. [He] wave[s] the Title 4 U.S.C. Sec 1 ch 1 American Civilian Peace flag Law of the Land and are not under the Jurisdiction of the courts but legislative Branch of Government.  The Courts are aware of all this but proceed as if I was fiction as defined Title 28 ch 176 3002(15)(A)(ab&c) – Foreign Corporation." [Dkt. No. 1, p. 7.]

### PLAINTIFF'S CLAIM AGAINST JUDGE GIRUZZI

Plaintiff's Third Cause of Action is asserted against Defendants Giruzzi and alleges:

> Hon. F. Christopher Giruzzi of City Court wrote a Bogus Letter
> denying federal & constitutional Law & violated his oath, do [sic]
> to Jurisdictions & Supreme Law & Court Rulings & tryed [sic] to
> limit my Rights that are reserved under UCC 1-308.1-2 with

---

[2] A copy of Plaintiff's Motion to Dismiss the underlying Utica City Court action is filed on the docket as Document No. 8.
[3] Upon information and belief, "S.I.A." refers to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq.

>Secretary of State (NY) and set a court date of May 18, 2016, then moved it to traffic court to Avoid a motion ruled by federal law.

[Dkt. No. 1, p. 3.]

## ARGUMENT

## POINT I

## THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIM AGAINST DEFENDANT GIRUZZI IN HIS OFFICIAL CAPACITY

To the extent that Plaintiff intends to assert a claim against Defendant Giruzzi in his official capacity as a judge for the State of New York, this claim is barred by the Eleventh Amendment.

The Eleventh Amendment recognizes the fundamental principle of sovereign immunity:

>The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. The Eleventh Amendment also bars a citizen from bringing a suit against his or her own state in federal court. *Hans v. Louisiana*, 134 U.S. 1 (1890).

Thus, the Eleventh Amendment bars any suit in federal court against a state by citizens of that or any another state. Sovereign immunity under the Eleventh Amendment protects state agencies and departments as well as the state itself. As the Supreme Court has noted: "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. . . . This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). *See also Komlosi v. New York State Office of Mental Retardation and Developmental Disabilities*, 64 F.3d 810 (2d Cir. 1995).

3

In the Complaint's caption, Plaintiff identifies Defendant Giruzzi as "Hon. F. Christian Giruzzi" indicating that Defendant Giruzzi is being sued in his official capacity as a City Court Justice for the State of New York.[4]  As the Supreme Court has explained, "[o]bviously, state officials literally are persons.  But a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's claim against Judge Giruzzi is based upon the judge's denial of Plaintiff's motion to dismiss in a traffic court matter, and the scheduling of a further court date in that matter.  Since the Complaint asserts a claim against Judge Giruzzi based solely upon his exercise of the authority of his office, the claim is really one against the State of New York and is therefore barred by the Eleventh Amendment. Therefore, the claim against Judge Giruzzi must be dismissed as a matter of law.  *See Chinn v. City University of New York School of Law at Queens College,* 963 F. Supp. 218 (E.D.N.Y. 1997).

## POINT II

### THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY BARS PLAITNIFF'S CLAIM AGAINST DEFENDANT GIRUZZI IN HIS PERSONAL CAPACITY

To the extent the Complaint can be read to assert a claim for damages against Judge Giruzzi in his personal capacity[5], the Complaint is barred by the doctrine of absolute judicial immunity.

It is "well established that officials acting in a judicial capacity are entitled to absolute

---

[4] City court judges in New York are part of the New York State Unified Court System.  N.Y. Const. art. 6 § 1(a).
[5] The Prayer for Relief section of the Civil Rights Complaint form used by Plaintiff was left blank.  [Dkt. No. 1 p. 4.]  The only relief requested in the entire Complaint is transfer of Utica City Court Case No. 2016-02027 to "federal jurisdiction."  [Dkt. No. 1p. 5.]

immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Young v. Selsky*, 41 F. 3d 47, 51 (2d Cir 1994); *Mireles v. Waco*, 502 U.S. 9 (1991). This immunity is "from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11. Injunctive relief is also barred by the 1996 Congressional amendments to § 1983, which "provide that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Montero*, 171 F.3d at 761 (quoting Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996)). "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles*, 502 U.S. at 10 (internal quotation marks omitted); *see also Forrester v. White*, 484 U.S. 219, 223, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988) (noting that judges threatened with personal liability for their official duties "may well be induced to act with an excess of caution or otherwise to skew their decisions in ways that result in less than full fidelity to the objective and independent criteria that ought to guide their conduct . . . [and that] exposing [judges] to the same legal hazards faced by other citizens may detract from the rule of law instead of contributing to it").

Moreover, "judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11. "[I]mmunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's

judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11 (emphasis and citations omitted); *see also Gross v. Rell*, 585 F.3d 72, 82 (2d Cir. 2009) ("Even judicial immunity, which provides judges with very broad protection, may be overcome if the judge acts in the clear absence of all jurisdiction or if he is not acting in his judicial capacity.").

Defendant Giruzzi is a City Court Justice of the New York State Unified Court System. The asserted basis for Plaintiff's claim against Judge Giruzzi is the denial of Plaintiff's motion to dismiss and the scheduling of further proceedings in the underlying city court matter. [Dkt. 1, P. 3.]   Plaintiff's claim against Judge Giruzzi arises solely from Judge Giruzzi's decisions and/or actions as the judge presiding over a city court proceeding in which Plaintiff is the defendant. Accordingly, the claims against Judge Giruzzi must be dismissed in their entirety with prejudice.

## POINT III

### PLAINTIFF'S CLAIMS ARE BASED UPON SOVEREIGN CITIZEN THEORY AND LACK MERIT.

Plaintiff's complaint is a classic example of "sovereign citizen" or "redemptionist" theory. As the Third Circuit has described it, this theory espouses:

> that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard . . . and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman.

*Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008). Redemptionists claim that when "[a] person's name is spelled . . . with initial capital letters and small letters, [it] represents the real person . . . . Whenever a person's name is written in total capitals, however, . . . only the

6

strawman is referenced and the flesh and blood person is not involved." *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (citations and punctuation omitted).

"Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources." *Muhammad v. Smith*, 2014 U.S. Dist. LEXIS 99990 *6 (NDNY D'Agostino July 23, 2014) (citing *McLaughlin v*, 726 F. Supp. 2d at 210; *Charlotte v. Hansen*, 433 Fed. Appx. 660, 661 (10th Cir. 2011)). "A prisoner's attempt 'to avoid the consequences of his criminal conviction' based on the redemptionist theory, has been recognized as "legally frivolous," *Ferguson-El v. Virginia*, No. 3:10CV577, 2011 U.S. Dist. LEXIS 92557, 2011 WL 3652327, *3 (E.D. Va. Aug. 18, 2011), and civil cases based on redemptionist and sovereign citizen theories have been found to be "utterly frivolous" and "patently ludicrous," using "tactics" that are "a waste of their time as well as the court's time, which is paid for by hard-earned tax dollars." Id. * 7-8 (quoting *Barber v. Countrywide Home Loans, Inc*., No. 2:09CV40, 2009 U.S. Dist. LEXIS 123939, 2010 WL 398915, *4 (W.D.N.C. Oct. 7, 2009)).

Here, Plaintiff's claim against Judge Giruzzi is based solely upon Plaintiff's assertion that he is a sovereign citizen. Plaintiff alleges that Judge Giruzzi violated his rights by ignoring or denying Plaintiff's motion to dismiss the underlying Utica City Court action upon Plaintiff's motion to dismiss. A review of Plaintiff's motion to dismiss [Dkt. No. 8] reveals that it was based solely upon Plaintiff's claim that he is a sovereign citizen and not subject to the authority of the State of New York. Although Plaintiff's motion to dismiss does not use the term "sovereign citizen", it seeks dismissal of the city court action based upon: Plaintiff's reservation

of rights under UCC 1-308; and Plaintiff's allegation that he is immune from prosecution under "S.I.A. of 1976"; "crown immunity", and "international law of flag." [6] [Dkt. No. 8.]

Because the basis of Plaintiff's claim against Judge Giruzzi is that Judge Giruzzi refused to dismiss the city court action on the grounds that Plaintiff is a sovereign citizen, Plaintiff's claim against Defendant Giruzzi lacks merit as a matter of law.

Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Branton v. Columbia County, New York*, 2015 U.S. Dist. LEXIS 68226 (NDNY Magistrate Judge Dancks April 17, 2015); accepted and adopted in all respects 2015 U.S. Dist. LEXIS 67588 (Hurd ).

Here, the problems with Plaintiff's Complaint are substantive and better pleading will not cure them.  Plaintiff's claims are based solely upon the sovereign citizen theory and are therefore frivolous and lacking in merit as a matter of law.  In addition, Plaintiff's claim against Defendant Giruzzi is barred by the Eleventh Amendment and/or the doctrine of absolute judicial immunity. These defects are fatal and cannot be corrected by better pleading.

---

[6] Plaintiff does not allege in either the underlying city court action, or the instant federal court action, that he is a foreign sovereign, or is acting on behalf of a foreign sovereign. [Dkt. Nos. 1, 8.]

8

# POINT IV

## THE UNDERLYING CITY COURT ACTION MAY NOT BE TRANSFERRED TO FEDERAL COURT AS A MATTER OF LAW

"Only under limited circumstances may a state court criminal prosecution may be removed to federal court." *State of New York v. Latnie*, 2015 U.S. Dist. LEXIS 14905 (NDNY Magistrate Judge Peebles) (citing 28 U.S.C. §§ 1442, 1442a, 1443); 2015 U.S. Dist. LEXIS 14324 (District Judge Hurd).[7] Section 1443, permits the removal of a criminal prosecution commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1); *N.Y. v. Best*, No. 14-CV-3634, 2014 U.S. Dist. LEXIS 146795, 2014 WL 53305991, at *1 (E.D.N.Y. Oct. 15, 2014).

The Supreme Court has established a two-part test for petitioners seeking to remove an action pursuant to section 1443(1). *Johnson v. Miss.*, 421 U.S. 213, 219 (1975); *Ga. v. Rachel*, 384 U.S. 780, 792 (1966). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *Rachel*, 384 U.S. at 792); see also *Latnie*, 2015 U.S. Dist LEXIS *6-7. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219; *see also Rachel*, 384 U.S. at 792. "A petitioner seeking to remove a criminal prosecution under section 1443(1) must

---

[7] "Section 1442 applies to criminal prosecutions that are commenced in state court against or directed to certain federal officers or agencies or military personnel." *Id.* (citing 28 U.S.C. §§ 1442, 1442a.

9

also submit a petition that sets forth allegations suggesting that the petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Latnie*, 2015 U.S. Dist LEXIS *7 (quoting *Johnson*, 421 U.S. at 219; 28 U.S.C. § 1443(1) (internal quotations omitted). "This requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest " *Id*. (internal citations and quotation marks omitted).

In this case, Plaintiff has not alleged that Defendant Giruzzi violated any civil right or federal statute prohibiting discrimination or unequal treatment based upon race. In fact, Plaintiff has neither identified his race nor raised any issue regarding race in the Complaint. Therefore, there are no grounds for removal of the underlying Utica City Court action to federal court, and no basis for subject matter jurisdiction.

Even if Plaintiff had asserted viable grounds for the removal of the underlying city court action to the federal court, Plaintiff failed to comply with the procedural requirements for removal. "A state-court defendant seeking to remove a criminal prosecution pending against him to federal court is bound by the procedures set forth in 28 U.S.C. § 1455. Under that provision, the notice of removal must be filed in federal court no later than thirty days after the defendant is arraigned in state court 'or at any time before trial, whichever is earlier,' and must include all the grounds for removal." *State of New York v. Latnie*, 2015 U.S. Dist. LEXIS * 2 (citing 28 U.S.C. § 1455(b)(1), (b)(2).) "The petition must 'contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant.'" *Id.*; 28 U.S.C. § 1455(a).

In this case, Plaintiff has failed to comply with the procedures of 28 U.S. C. § 1455. Plaintiff has not filed a notice of removal, nor does the Complaint [Dkt. No. 1] meet the

requirements for removal under 28 U.S.C. § 1455.  The Petitioner has not provided the Court with the state court records as required by section 1455(a).  Nor does the Complaint contain a plain statement of the grounds for removal. In fact, the Complaint does not even identify the nature of Plaintiff's appearance in Utica City Court.

Plaintiff has failed to beer the substantive and procedural requirements for removal of the underlying state court action, and Plaintiff's Complaint should be dismissed.

## CONLCUSION

For the reasons stated above, Plaintiff's Complaint should be dismissed in its entirety, and Plaintiff denied an opportunity to amend the pleadings.


Dated: Albany, New York
August 31, 2016

            ERIC T. SCHNEIDERMAN
            Attorney General of the State of New York
            Attorney for Defendant F. Christopher Giruzzi
            The Capitol
            Albany, New York


By: *s/ Colleen D. Galligan*
Colleen D. Galligan
Assistant Attorney General, of Counsel
Bar Roll No. 105167
Telephone:  518-776-2613
Fax:  518-915-7740 (Not for service of papers)
Email: Colleen.Galligan@ag.ny.gov


TO:    Robert Edward Bucholz-Kaestner
         128 Louisa St., 2nd FL
         Utica, NY 13501